# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**RICKY GRAVES, #204612,**
    Plaintiff,

                                              Civil Action No. 05-74557

vs.                                           HONORABLE ROBERT H. CLELAND
                                              HONORABLE STEVEN D. PEPE

**MICHIGAN PAROLE BOARD,**
**JOHN RUBITSCHUN, STEPHEN DEBOER**
**and CHARLES BRADDOCK,**
    Defendants.
_____/

### REPORT AND RECOMMENDATION

Ricky Graves is a prisoner in the custody of the Michigan Department of Corrections (MDOC). On December 1, 2005, he filed this action under 42 U.S.C. §1983 against the defendants in their official and individual capacities. Plaintiff challenges the procedures used to determine that he was not eligible for parole. Defendants filed their motion for dismissal for failure to exhaust administrative remedies on February 24, 2006 (Dkt. #16). All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A),(B). For the reasons stated below, IT IS RECOMMENDED that Defendants' motion for dismissal be GRANTED pursuant to 42 U.S.C. §1997e.

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the provisions of §1997e, the prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the

complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Prisoners within the Michigan Department of Corrections must go through a three-step grievance process. MDOC Policy Directive 03.02.130. A review of the complaint in this matter reveals that Plaintiff failed to attach documentation or specifically describe each step of the administrative proceedings and their result – therefore Plaintiff has not sufficiently alleged exhaustion of his administrative remedies as to any named defendant.

Plaintiff alleges in his response to Defendants' motion to dismiss that he filed the necessary grievance but should not be required to pursue it beyond Step I because it was denied at that step as an non-grieveable complaint, making it futile to pursue.[1] Plaintiff also alleges that exhaustion should be waived because he would have "sanctioned" by being put on modified access to the grievance system had he pursued the claim.

Negating Plaintiff's futility argument, the Supreme Court has held that the exhaustion requirement must be satisfied, so long as some responsive action is available, even if the relief

---

[1] MDOC Policy Directive 03.02.130(f)(2) bars grievances against parole decisions. Plaintiff correctly argues that, while it is true that a prisoner may not file a grievance regarding the decision to deny parole, he may file a grievance regarding the alleged failure to follow the parole process. *See* MDOC Policy directive 06.05.104.YY; *Poindexter v. Overton* 110 Fed. Appx. 646, 647-648 (6th Cir. 2004).

sought is not available in that grievance process. *Booth v. Churner*, 532 U.S. 731, 736-40, 740 n.5 (2001).

Plaintiff cites cases in support of the contention that the court may waive exhaustion where a claimant has been barred from access to the grievance system are not analogous to the present situation. Those cases involved situations were a claimant' s grievances were ignored or the claimant was threatened or disciplined for accessing the grievance system. While Plaintiff concedes that this is not the case here, he argues that his placement on a modified access restriction be considered analogous.

Yet, in a different context involving a retaliation claim, the Sixth Circuit has held that "[b]eing placed on modified access status would not deter a person of ordinary firmness from pursuing non-frivolous grievances against prison officials, within the courts or the prison administrative system. ... placement on modified access status does not constitute an adverse action when the protected activity was filing administrative grievances. *See, e.g., Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005) ('[A]n ordinary person of reasonable firmness would not be deterred from filing legitimate grievances by a policy that merely provided that a grievance officer would screen frivolous grievances.')". *Jackson v. Madery*, 158 Fed. Appx. 656, 660 (6th Cir. 2005). In light of the *Walker* and *Jackson* opinions that modified access is not an adverse action,it cannot be said that modified access excuses the exhaustion requirement if §1997e.

Failure to demonstrate exhaustion *with the complaint* will result in dismissal of Plaintiff's complaint for failure to state a claim. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

For these reasons it is RECOMMENDED that Plaintiff's complaint be DISMISSED for failure to

3

exhaust administrative remedies and for failure to state a claim, pursuant to 42 U.S.C §1997e(c)(1).[2]

---

[2]Additionally, it appears that Plaintiff's claims lack merit.

Prisoners have no inherent federal constitutional right to parole or a parole hearing. *See Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Inmates of Orient Correctional Institute v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir.1991). Similarly, Michigan has not created a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir.1994) (en banc). Therefore, because Plaintiff has no liberty interest in parole or a parole eligibility interview, he cannot state a claim for the violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65; *Irvin v. Michigan Parole Bd.*, 221 F.3d 1334, 2000 WL 800029, *2 (6th Cir. 2000).

Plaintiff's claims against Defendants Rubitschun, the Chairman of the Michigan Parole Board (the "Board"), and Braddock also appear to lack merit because he failed to allege that these defendants were personally involved in or responsible for the alleged violation of his constitutional rights. *See Rizzo v. Goode,* 423 U.S. 362, 373-77 (1976); *Hall v. United States,* 704 F.2d 246, 251 (6th Cir.1983). Plaintiff may not base his claim against a defendant upon his or her denial of his administrative grievances or failure to act based upon information contained in a grievance. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). In fact,

> the Board is immune from suit under the Eleventh Amendment. Eleventh Amendment immunity is a jurisdictional bar, and applies regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, *Revenue Div.*, 987 F.2d 376, 381 (6th Cir.1993). The Board is an administrative agency within the executive branch of Michigan's government. *See* Mich. Const.1963, art. 5, § 2; *In re Parole of Bivings*, 242 Mich.App. 363, 619 N.W.2d 163, 167-68 (2000).
>
> .... '[P]arole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers.' *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir.1990). Likewise, those who make recommendations concerning parole also enjoy absolute immunity. *See Anton v. Getty*, 78 F.3d 393, 396 (8th Cir.1996) (hearing examiner and probation officer who recommended delay of parole entitled to absolute immunity); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir.1994) (probation officers who prepare presentence reports are closely associated with the exercise of a judicial function and entitled to absolute immunity); *Turner v. Barry*, 856 F.2d 1539, 1540-41 (D.C. Cir.1988).

*Horton v. Martin*, 137 Fed. Appx. 773, 775 (6th Cir. 2005).

Therefore, all Defendants are likely entitled to Eleventh Amendment immunity because Plaintiff challenges their conduct in relation to his parole hearing. *Id.*

4

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.  Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.  A party may file a reply brief within 5 days of service of a response.  The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: April 20, 2006                                      s/Steven D. Pepe
Ann Arbor, Michigan                                        United States Magistrate Judge

Certificate of Service

I hereby certify that a copy of this Report and Recommendation was served upon Ricky Graves U. S. Mail and Julia Bell electronically on April 20, 2006.

s/William J. Barkholz
Courtroom Deputy Clerk